## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **SAMPO IP, LLC,** | |
| **Plaintiff,** | |
| v. | **Civil No.** |
| **SONY COMPUTER ENTERTAINMENT AMERICA LLC, SIEMENS ENERGY, INC., CB APEX REALTORS, LLC, d/b/a COLDWELL BANKER APEX REALTORS,  BLUE CROSS AND BLUE SHIELD ASSOCIATION, JUNIPER NETWORKS, INC., WINN-DIXIE STORES, INC., and DELL, INC.** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### COMPLAINT

Plaintiff, Sampo IP, LLC ("Sampo") for its complaint of patent infringement in this matter, hereby alleges as follows:

### The Plaintiff

1.      Plaintiff, Sampo, is a Virginia corporation with a principal place of business located at 2331 Mill Road, Suite 100, Alexandria, Virginia 22314.

2.      Sampo is the owner by assignment of U.S. Patent Nos. 6,161,149 (Ex. A), 6,772,229 (Ex. B) and 8,015,495 (Ex. C), all entitled *Centrifugal Communication and Collaboration Method* (collectively "the Asserted Patents").

### The Defendants

3.      On information and belief defendant Sony Computer Entertainment America LLC is a Delaware limited liability company with a principal place of business at 919 East Hillsdale Blvd., Foster City, California 94404-2112 and is registered to do business in the State of Texas

(Filing No. 0801254302) with a registered agent address at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

4.      On information and belief defendant, Siemens Energy, Inc. is a Delaware corporation with a principal place of business at 170 Wood Avenue S, Iseling, New Jersey 08830-2741 and is registered to do business in the State of Texas (Filing No. 0012315306) with a registered agent address at CT Corporation, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

5.      On information and belief defendant CB Apex Realtors, LLC, d/b/a Coldwell Banker Apex Realtors, is a Texas limited liability company registered to do business in the State of Texas (Filing No. 800734626) with a principal place of business at 2105 Waterview Parkway, Ste. 103, Richardson, Texas 75080 and a registered agent located at the same address.

6.      On information and belief defendant Blue Cross and Blue Shield Association is an Illinois corporation that is national federation of locally operated Blue Cross and Blue Shield companies with a principal place of business at 225 North Michigan Avenue Chicago, IL 60601 and is doing business in the Eastern District of Texas and elsewhere in the State of Texas.

7.      On information and belief defendant Juniper Networks, Inc. is a Delaware corporation with a principal place of business at 1194 North Mathilda Avenue, Sunnyvale, California 94089-1206 and is doing business at Tollway Plaza I 16000 Dallas Parkway, Suite 150 Dallas, TX; and 9595 Six Pines, Bldg 8, Suite 208, Houston, TX 77380.

8.      On information and belief defendant Winn-Dixie Stores, Inc. is a Florida corporation with a principal place of business at 5050 Edgewood Court, Jacksonville, Florida 32254-3601 and is registered to do business in the State of Texas (Filing No. 0013334306) with a registered agent address at Corp. Service Co. d/b/a CSC Lawyers, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

9.      On information and belief, defendant Dell, Inc. is a Delaware corporation with a principal place of business at One Dell Way, Round Rock, Texas 78682 and is registered to do business in the State of Texas (Filing No. 0007444706) with a registered agent address at Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 787101-3218.

10.     On information and belief, each defendant uses an online communications environment offered by Hyperoffice, e.g., Core Collaboration Suite and Enterprise Collaboration Suite, which offers a communication system whereby the users of such system, via a network of computing devices linked by a network, are able to communicate with one another using such computing devices.  The computing devices, which include computers and cellular telephones, are capable of transmitting and receiving information. By way of example, the information communicated between users can be used to facilitate workflow and collaboration on group tasks, projects and documents, etc.

11.     The systems have a central device that can receive information from, and transmit information to, the computing devices of the users.

12.     The users' computing devices are linked to the systems.

13.     A first user is able to input information intended for a second user into the first user's computing device.

14.     The systems will, based upon the information provided by the first user, generate a notice to a second user and allow for access to the information from the first user.

15.     The systems store a second information input in response to the first information input, and generates a notice directed to another user.

16.     The systems store a third information input from a member in response to the second information input and associate it with the first and second information inputs while retaining the first and second information inputs.

## Jurisdiction, Venue and Joinder

17.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

18.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

19.     Joinder is proper under 35 U.S.C. § 299 because, upon information and belief, each Defendant uses the same online learning environment to implement the infringing communication methods.  There are, therefore, substantial common questions of fact as to all Defendants.

## Count I – Patent Infringement

20.     Plaintiff incorporates paragraphs 1-19 herein by reference.

21.     The Defendants have directly infringed, and continue to directly infringe, the claims of the Asserted Patents by using the accused communications systems and methods covered by the claims of the Asserted Patents.

22.     The Defendants' infringing acts have caused, and will continue to cause, damage to Plaintiff in an amount to be proven in trial.

## Jury Demand

Sampo IP, LLC hereby respectfully demands a jury trial on all issues appropriately triable by a jury.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in its favor and against the Defendants on Marathon's claim for patent infringement, and that the Court grant the following relief:

A) Actual damages;

B) Prejudgment and post judgment interest; and

C) All other relief to which Plaintiff is entitled and the Court deems just and proper.

Dated: March 20, 2013                         Respectfully submitted,

                                              /s/Andrew W. Spangler

                                              Andrew W. Spangler
                                              SPANGLER & FUSSELL, P.C.
                                              208 N. Green Street, Suite 300
                                              Longview, Texas 75601
                                              903-753-9300

                                              James A. Fussell, III
                                              SPANGLER & FUSSELL, P.C.
                                              211 N. Union Street, Suite 100
                                              Alexandria, VA 22314
                                              202-285-4010

                                              Rolf O. Stadheim
                                              George C. Summerfield
                                              Steven R. Pedersen
                                              STADHEIM & GREAR
                                              400 N. Michigan Avenue, Suite 2200
                                              Chicago, Illinois 60611
                                              312-755-4400

                                              *Attorneys for Plaintiff Sampo IP, LLC*